UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NICOLAE NITICA | CIVIL ACTION |
| VERSUS | NO. 10-3036 |
| DEVON ENERGY MANAGEMENT COMPANY, LLC, ET AL. | SECTION "N" (3) |

### ORDER AND REASONS

Presently before the Court is Plaintiff's Motion to Remand (Rec. Doc. 8). As stated herein, **IT IS ORDERED** that Plaintiff's motion is **GRANTED**. Accordingly, **IT IS FURTHER ORDERED** that this action is **REMANDED** to the Twenty-Fifth Judicial District Court for the Parish of Plaquemines, State of Louisiana.

### BACKGROUND

On May 24, 2002, the plaintiff filed a petition in state court seeking to recover damages for personal injuries allegedly suffered as a result of a January 18, 2002 accident. On June 20, 2002, the original Devon Energy defendants timely removed this case to this Court based on "maritime personal injury and vessel allision, 28 U.S.C. § 1332 and diversity jurisdiction." *See* Rec. Doc. 7-36. Shortly thereafter, on July 9, 2002, the parties entered into a Stipulation of Remand so that, following remand, the State of Louisiana could be added as party defendant.[1] *See* Rec. Doc.

---

[1] As explained by Chevron in its opposition memorandum (Rec. Doc. 10 at p. 4):

> The parties agreed that the federal court did not have jurisdiction over this case once the plaintiff prepared to name the State of Louisiana . . . as a party. Simply stated, the plaintiff was required to prosecute his action against the State of Louisiana in state court. *Federal Maritime Commission v. South Carolina Port Authority*, 535 U.S. 743 (2002); *Welch v. State Dept. of Highways & Transp.*, 483 U.S. 468 (1987). Louisiana has never waived its sovereign immunity for

7-35. The parties' stipulation, as well as the supporting memorandum of authorities, stated that the remand was "without prejudice" to the rights of any party. *Id.*

Following remand, on July 10, 2002, the case remained in state court for over eight years. Then, on August 25, 2010, the State of Louisiana was involuntarily dismissed.[2] Given the elimination of the non-diverse defendant from the lawsuit, the instant defendants filed a new notice of removal on September 13, 2010. Plaintiff's motion, seeking remand under 28 U.S.C. § 1447, followed.

## ANALYSIS

Generally, a defendant may remove a civil action from state court to federal court if the federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). In assessing the propriety of removal, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing party bears the burden of showing that federal jurisdiction exists at the time of removal. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The subject matter

---

tort actions against it in federal court. See Article 12, § 10 of the Louisiana Constitution.

[2] The State of Louisiana's dismissal resulted from its successful summary judgment motion premised upon the Louisiana Supreme Court's opinion in *Georgio v. Alliance Operating Corporation,* 05-0002 (La. 1/19/06), 921 So.2d 58. The *Georgio* decision overruled two court of appeals rulings, *Melerine v. State,* 00-0162 (La. App. 4 Cir. 11/8/00), 773 So.2d 831, *writs denied,* 01-0382, 01-0480 (La.4/12/01), 789 So.2d 595, 599, and *Anderson v. Tenneco Oil Co.*, 01-0295 (La. App. 4 Cir. 5/22/02), 826 So.2d 1143, *writ denied*, 02-2035 (La.11/1/02), 828 So.2d 585, on which the parties had relied in seeking remand of the instant action, and then adding the State of Louisiana as a defendant and cross-claimant.

jurisdiction provided by 28 U.S.C. § 1332 requires that the amount in controversy exceed the sum of $75,000, exclusive of interest and costs. It also requires complete diversity of citizenship between the plaintiff and all properly joined defendants. *See* 28 U.S.C. § 1332.

In his motion, Plaintiff argues that a defect in the September 2010 removal exists. Specifically, he maintains that the removal violates the judicially created "voluntary- involuntary" rule and is untimely under the one-year limitation set forth in 18 U.S.C. § 1446(b) regarding removals based on jurisdiction conferred by §1332. Defendants disagree.

As an initial matter, given Fifth Circuit case law, the Court agrees with Defendants that the one-year limitation set forth in the second paragraph of § 1446(b) applies only to matters in which the "case stated by the initial pleading is not removable." *See Kemp v. CTL Distribution, Inc.*, No. 10-31132, 2011 WL 3425592, * 7 (5th Cir.) (unpub.); *Johnson v. Hueblien, Inc.*, 227 F.3d 236, 241 (5th Cir. 2000); *New York Life Ins. Co. v. Deshotel, et al.*, 142 F.3d 873, 886 (5th Cir. 1998). Here, as suggested by the June 2002 removal, and the July 9, 2002 stipulated remand, Plaintiff's original state court petition, naming only diverse defendants, set forth removable claims.

On the other hand, however, the Court concurs that Defendants' second removal is improper under the judicially created voluntary-involuntary rule. Pursuant to that rule, a previously non-removable case becomes removable, with certain exceptions, only as the result of a voluntary act of the plaintiff. *See, e.g. Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (1967); *see also Green v. City Servs. Refinery*, Civil Action No. 06-330, 2007 WL 2008526, *4 (W.D. La. 2/22/07)("[c]ourts have described the rule as embracing two principles: judicial economy and preserving a plaintiff's choice of forum"; it also avoids the 'yo-yo' effect if the dismissal is later held improper). In this instance, the state court dismissal of the non-diverse defendant, the State of

3

Louisiana, upon dispositive motion, was involuntary relative to Plaintiff. Thus, although the remaining defendants enjoy diverse citizenship for purposes of removal based on §1332, the action should not have been removed.

In reaching this conclusion, the Court rejects Defendants' contentions to the contrary. First, under the circumstances presented here, the Court is not convinced that the mere inclusion of the language "without prejudice" in the parties' stipulation of remand allows for removal, after eight years of state court litigation, of an action that was remanded, by express agreement of the parties, to enable both Plaintiff and the defendants to sue a non-diverse entity who also had immunity from suit in federal court.[3]

Similarly, the Court disagrees that improper joinder principles render the voluntary-involuntary rule unavailable. *See, e.g., Kemp*, 2011 WL 3425592 at *3-4, 8 (improper joinder based on the plaintiff's inability to establish a cause of action against the non-diverse party in state court is a "narrow exception to the rule of complete diversity"); *Crockett v. R. J. Reynolds Tobacco Co.*, 436 F.3d 529, 532-33 (5th Cir. 2006) (explaining improper joinder can be found in instances of actual fraud, where the plaintiff is unable to establish a cause of action, and, additionally, where procedural rules for joinder are not met). Defendants, who are charged with demonstrating the propriety of removal, have not shown the State of Louisiana to have been improperly joined under

---

[3] If that were the parties' intent, given notions of comity, that federal courts are courts of limited jurisdiction, that removal statutes are strictly construed, and that the right of removal may be waived by invoking the processes of the state court, the parties should have clearly and unambiguously stated that intent. *See, e.g., Johnson,* 227 F.3d at 244 (recognizing right of removal can be waived if not asserted timely and by proceeding in state court by invoking its jurisdiction); *Brown v. Demco*, 792 F.2d 478, 481 (5th Cir. 1986) (even defendant who petitions timely may have waived its right to removal by proceeding to defend the action in state court or otherwise invoking the processes of that court).

federal or state cumulation provisions. *See Crockett*, 436 F.3d at 533; *see also* La. Code Civ. P. art. 463; Fed. R. Civ. P. 20. Nor have Defendants demonstrated that, at the time the State of Louisiana was joined as a party, a legally viable claim could not be stated against it.

Indeed, the purpose of the prior *stipulated* remand was specifically to allow the State of Louisiana to be joined as a party based on then-existing legal principles, as enunciated by the Louisiana Fourth Circuit Court of Appeal. In any event, the "fraudulent [improper] joinder doctrine" is not available with a post-removal joinder of non-diverse parties; rather, diversity jurisdiction is lost. *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171-72 (5th Cir. 2009)(explaining that, unlike with non-diverse defendants named at the commencement of the suit, a diverse defendant is able to argue that a post-removal joinder is improper, or at least move to vacate a joinder order); *see also* 28 U.S.C. §1447(e)(court may deny post-removal joinder of defendant who would destroy subject matter jurisdiction, or permit joinder and remand).[4]

Defendants additionally maintain that Plaintiff's motion should be denied because the facts and issues presented are maritime in nature and fall within this Court's admiralty and general maritime jurisdiction. Even if such jurisdiction is present, however, removal to federal court of disputes implicating this Court's admiralty and general maritime jurisdiction is authorized only if another basis of jurisdiction, such as diversity of citizenship, is present. *See, e.g., Morris v. T E Marine Corp.,* 344 F.3d 439, 344 (5th Cir. 2003); *Hufnagel v. Omega Serv. Inds. Inc.*, 182 F.3d 340, 348 n. 4 (5th Cir. 1999); *KMJ Services, Inc. v. Seacrest Marine, L.L.C.*, 2008 WL 1732981, *1 (E.D. La. 4/09/08).

---

[4] Here, because the State of Louisiana has not waived sovereign immunity in federal court, Plaintiff did not add it as defendant until after the matter was remanded to state court. Given that the express purpose of the stipulated remand by the parties was to allow the addition of the State of Louisiana as a defendant, however, subsequent to the initial, proper and timely removal of this action to federal court, the Court does not find this factual distinction to be material in this instance.

Lastly, Defendants maintain that the voluntary-involuntary rule was developed in diversity cases to prevent "removal of those cases in which the issue of the resident defendant's dismissal has not been finally determined in the state courts." *Weems, supra*. And, as the Eleventh Circuit later explained, "The only reason behind the rule is the desire to avoid a transfer of a case to federal court where the removal is premised on a development in the state court that could later be reversed by a state appellate court thereby relegating the parties to their non-diverse positions originally pled in the complaint." *Insinga v. LaBella*, 845 F.2d 249, 252 (11th Cir. 1988); *see also Green,* 2007 WL 2008526, * 4. In making this argument, Defendant Devon emphasizes that, prior to the removal at issue, Plaintiff had not appealed the state court's dismissal of the State of Louisiana. While that may be true, Plaintiff responds that Defendants removed the matter prior to the expiration of all applicable appeal delays. Significantly, Defendants have not shown the contrary to be true. Similarly, they have not demonstrated that Plaintiff's appeal rights relative to the State of Louisiana - particularly given that it can be sued only in state court - would not be prejudiced by this action remaining in federal court.

In conclusion, for all of the foregoing reasons, the Court finds that, under the circumstances presented here, Defendants have not borne their burden of demonstrating the propriety of removal to this Court. Accordingly, the action is remanded to state court.

New Orleans, Louisiana, this 15th day of September 2011.

_____
**Kurt D. Engelhardt**
**United States District Judge**